SUMMARY ORDER

Petitioner Satnam Singh, a native and citizen of India, seeks review of a September 16, 2002 order of the BIA affirming the November 5,1999 decision of Immigration Judge (“IJ”) Brigitte Laforest denying his applications for asylum and withholding of removal. In re Satnam Singh, No. A 70 891 532 (B.I.A. Sept. 16, 2002), aff'g No. A 70 891 582 (Immig. Ct. N.Y. City Nov. 5, 1999). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
Singh argues that the IJ’s adverse credibility determination was in error. But Singh failed to assert any errors in the IJ’s reasoning with respect to its adverse credibility determination before the BIA. We decline to consider Singh’s unexhaust-ed challenges. See Balachova v. Mukasey, 547 F.3d 374, 380 (2d Cir.2008); Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007) (finding that while this Court’s issue exhaustion requirement is not jurisdictional, it is mandatory).
Singh also argues that the BIA erred in failing to consider certain reports not submitted to the IJ that he claims demonstrate that he has a well-founded fear of future persecution based on his support for an independent Sikh state in the Punjab province. Even assuming that the BIA was required to consider this new evidence, but see Ivanishvili v. U.S. Dept. of Justice, 433 F.3d 332, 344 (2d Cir.2006), it did not err in affirming the IJ’s conclusion that Singh did not have a well-founded fear of future persecution because he testified that he has no interest in Punjabi polities and that he agreed with the statements that (1) Sikhs draw respect in all areas of life in the Punjab and (2) life for Sikhs in the Punjab is fairly normal.
The IJ’s determinations with respect to Singh’s credibility and fear of future persecution were dispositive of Singh’s claims for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Singh has abandoned any CAT claim by failing to raise it either before the BIA or this Court. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED.